No. 50.—George T. Bond and John W. Pruitt, executors, &c. plaintiffs in error, *vs.* Dempsey Connelly, defendant in error.

[1.] To a bill filed by executors, for direction in the execution of the trusts of a will, and, also, asking to be protected against a contingent claim against the estate, which it is alleged may result from an outstanding title in remainder, set up by a third person, to certain property of the estate, and which title is derived from others than the testator, and is independent of the will, such third person is not a necessary party, and the bill will be dismissed, as to him, upon demurrer.

In Equity, in Franklin Superior Court. Decision on demurrer, by Judge Dougherty, October Term, 1849.

George T. Bond and John W. Pruitt, executors of Samuel Pruitt, filed their bill, in Franklin Superior Court, alleging the following facts:

In December, 1814, Samuel Pruitt intermarried with one Ke-

ziah Connelly, a widow, who had, by a former marriage, three children—Dempsey Connelly, Lavina Connelly, who subsequently intermarried with William Neal, and Sarah Connelly, who intermarried with Robert Burton. At the time of the intermarriage of Pruitt, Mrs. Connelly was possessed of a considerable number of negroes, and other property. About one month prior to the marriage, and in contemplation of it, and in fraud of the marital rights of the husband, Mrs. Connelly, by deed, conveyed all of her slaves to her three children, after her decease. After the marriage, difficulty having arisen, Dempsey Connelly and Robert Burton relinquished to Mrs. Pruitt and the heirs of her body, a portion of the property conveyed by the former deed; which deed they have, since that time, claimed to be void. Some short time thereafter, William Neal and wife relinquished all their interest, under the deed, to John W. Pruitt, one of the executors, who was the youngest and only child of Mrs. Pruitt, by her last husband.

In January, 1839, Samuel Pruitt made a deed of gift, conveying all the negroes received by his wife, to his son, and her only child by him, John W. Pruitt, and warranted the title to the property. In December, 1845, Samuel Pruitt died testate, bequeathing his property to his widow and children. The property conveyed by deed of gift to John W. Pruitt, was bequeathed to him.

On the 14th September, 1847, Dempsey Connelly gave John W. Pruitt notice, that he should claim his portion of the negroes, conveyed in the deed of his mother, at her death.

The bill farther alleged, that John W. Pruitt holds the estate of Samuel Pruitt responsible, on the warranty in the deed of gift from Samuel Pruitt to John W.

The bill farther alleged, that the legatees under the will of Samuel Pruitt, except the widow and John W. Pruitt, had filed their bill against the complainants, as executors of Samuel Pruitt, to recover their legacies—having refused to give the executors bonds to indemnify them for any recovery which might be had upon the warranty in the deed of gift to John W. Pruitt.

The bill made, as parties defendant, the legatees, who were complainants in the former bill—Keziah Pruitt, Dempsey Connelly, of Campbell County, and Robert Burton—and prayed that they might answer, and set forth their various claims and titles; that they be required to interplead and settle their conflicting

rights; that the claims of Dempsey Connelly and Robert Burton be litigated and definitely settled; and if allowed, that John W. Pruitt be permitted to retain a sufficient sum, out of the estate of Samuel Pruitt, to indemnify him on the warranty in his deed of gift; and if there should not be more than enough of the estate to pay him, that the other legatees be perpetually enjoined from collecting the same.

To this bill a demurrer was filed by Dempsey Connelly, on the ground that he was not a necessary and proper party to the bill, and there was no equity in the bill, as against him.

The Court sustained the demurrer, and the complainants, George T. Bond and John W. Pruitt, filed exceptions to this decision.

C. Peeples and Hillyer, for plaintiffs in error.

W. H. Hull, for defendant.

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] There is only one question in this record for our consideration—for but one decision was made by the Court below. We were invited, by counsel for the plaintiff in error, to the consideration of a number, which invitation we declined. The sole question is, whether Dempsey Connelly ought to have been retained as a party to the bill filed by the executors, to Samuel Pruitt's will. We think that the presiding Judge did right in dismissing it, as to him. The bill was filed by the executors, for the purpose of getting protection against a contingent claim upon the estate, before proceeding to a distribution. They had refused to pay out the legacies, unless refunding bonds were given, upon the ground that one of them, to wit: John W. Pruitt, was the donee of a number of negroes, under a deed, with warranty of title from the testator, and that Dempsey Connelly claimed title to those negroes, as remainder-man, after a life estate in his mother, by deed of gift, executed by his mother before her intermarriage with the testator. The reasoning is this: Dempsey Connelly setting up a title in remainder, paramount to the title of John W. Pruitt, if that title is established, the covenant of warranty in the deed from the testator to John W. Pruitt will be bro-

Bond and Pruitt *vs.* Connelly.

ken, and he will be entitled to go upon the estate for damages; therefore, they, the executors, ask the Chancellor to decree, that they may be allowed to retain effects sufficient to respond to that claim of damages.   To get this decree, they have filed their bill, in the nature of a bill of interpleader, against all the legatees, and, also, against Dempsey Connelly, and pray that he, Connelly, shall litigate his title, and that the Court adjudicate it.   The question is, can they compel him now to litigate his title?   Is he a necessary party to the bill, with a view to the relief sought by the complainants ?   If they are entitled to relief—if they are entitled to retain property sufficient to respond to the breach of the warranty—I see no reason why that relief may not be decreed, without bringing Connelly before the Court and deciding upon his title. A Court of Chancery might decree the relief, without a final adjudication of his title.   It would have the whole case before it, and would, doubtless, frame a decree so as to do justice to the legatees, protect the executors, and still leave Connelly unprecluded as to his title.   All these things we leave to the Court below, upon the hearing.   All that we now say is, that we do not see that, if the complainants are entitled to the relief they ask, at all, Connelly is a necessary party, in order to the granting of that relief.

Again : this is a bill filed for the aid and direction of Chancery, by the executors, in execution of the will.   Connelly, who is a stranger to the will—who claims nothing under it—but who is alleged to hold title to property of the estate of the testator, paramount to the title of the testator, and derived from a third person, is made a party defendant, and required to litigate that title. Upon authority and principle, this cannot be done.   " No person (says Mr. *Story*) need be made a party to a bill, who claims under a title paramount to that brought forward and to be enforced in the suit, or who claims under a prior title or incumbrance not affected by the interests or relief sought by the bill.   Thus, for example, on a bill to carry into effect the trusts of a will, a person who claims by a title paramount to that will, ought not to be made a party, in order to bring into contestation his rights under such paramount title."   *Story's Eq. Plead.* §230.   It seems to me, that this is the very case put by Mr. *Story*, in illustration of the rule.   See, also, *Devonshire vs. Newenham,* 2 *Sch. & Lefr.* 207, 212.   *Pelham vs. Gregory,* 1 *Eden. R.* 520.   *S. C.* 6 *Bro. Ch.*

*R.* 575.　3 *Bro. Par. Cas. by Tomlins,* 204.　*Eagle Fire Ins. Co. vs. Lent,* 6 *Paige's R.* 635.　*Lange vs. Jones,* 5 *Leigh's Rep.* 192.　*Story's Eq. Plead.* §§148, 149.　1 *Daniels' Ch. Prac.* 313.　Let the judgment be affirmed.